# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60453
Summary Calendar

————————

CORINA PAOLA ZELAYA-FLORES; ANDREA PAOLA ROSALES-ZELAYA; VICTOR FERNANDO ROSALES-ZELAYA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

—————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 926 099,
A208 926 100, A208 926 101

—————————————————————————

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Corina Paolo Zelaya-Flores, Andrea Paola Rosales-Zelaya, and Victor Fernando Rosales-Zelaya, natives and citizens of Honduras, petition for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and protection under the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60453

Convention Against Torture (CAT). We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Munoz-Granados v. Barr*, 958 F.3d 402, 406 (5th Cir. 2020).

The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, a petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Substantial evidence supports the BIA's determination that the petitioners' past harm did not rise to the level of persecution for purposes of asylum and withholding of removal. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Munoz-Granados*, 958 F.3d at 406 (internal quotation marks and citation omitted). Threats that are nonspecific or lacking in immediacy are insufficient to constitute persecution. *Id.* at 407; *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019).

The petitioners were not physically harmed in Honduras. While a gang member threatened to kill the petitioners because his advances were refused, he did not know where they lived, and his threats and harassment ceased when he did not know their whereabouts. Additionally, Zelaya-Flores's ex-partner, the father of the other petitioners, expressed fear for the petitioners' safety given his involvement in drug trafficking, but no one related to his drug trafficking ever threatened or harmed the petitioners. The threats experienced by the petitioners lacked immediacy, and the record does not compel the conclusion that they amounted to persecution. *See Munoz-Granados*, 958 F.3d at 407; *Qorane*, 919 F.3d at 910.

No. 23-60453

Absent a showing of past persecution, the alien may establish a well-founded fear of future persecution by showing a subjective fear of persecution that is also objectively reasonable. *Munoz-Granados*, 958 F.3d at 407. Where, as here, the alleged persecutor is not a government or government-sponsored, an alien seeking to establish a well-founded fear of persecution has the burden of showing that it is unreasonable for her to relocate within her home country to avoid persecution. *Id.*; 8 C.F.R. § 1208.13(b)(2)(ii), (b)(3).

In determining that the petitioners failed to show that internal relocation would be unreasonable, the BIA reasoned that the petitioners had family members who continued to reside in other cities in Honduras without issue. The petitioners have not shown that the evidence compels a contrary conclusion. *See Munoz-Granados*, 958 F.3d at 407-08; *Cruz v. Barr*, 929 F.3d 304, 309-10 (5th Cir. 2019). Because the petitioners have failed to demonstrate eligibility for asylum, they have also failed to satisfy their burden for withholding of removal. *See Munoz-Granados*, 958 F.3d at 408.

The petitioners also challenge the denial of protection under the CAT, but the Government objects that their challenge is unexhausted under 8 U.S.C. § 1252(d)(1). Because we agree that the issue is unexhausted, we decline to reach it.

The petition for review is DENIED.